M. REED HOPPER, Cal. Bar No. 131291
E-mail: mrh@pacificlegal.org
ANTHONY L. FRANÇOIS, Cal. Bar No. 184100 (Counsel for Service)
E-mail: alf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC LEGAL FOUNDATION, ) | No. _____ |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR** |
| ) | **DECLARATORY JUDGMENT** |
| v. ) | **AND INJUNCTIVE RELIEF** |
| ) | |
| KEN SALAZAR, in his official capacity as Secretary ) | |
| of the United States Department of the Interior; ) | |
| DANIEL M. ASHE, in his official capacity as ) | |
| Director of the United States Fish and Wildlife ) | |
| Service; UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR; and UNITED STATES FISH ) | |
| AND WILDLIFE SERVICE, ) | |
| ) | |
| Defendants. ) | |

Complaint for Declaratory Judgment
and Injuctive Relief

## JURISDICTION

1. This Court has jurisdiction in this action pursuant to 5 U.S.C. § 702 (judicial review of agency action); 16 U.S.C. § 1540(c) (actions arising under the ESA); 16 U.S.C. § 1540(g) (citizen suits arising under the ESA); and 28 U.S.C. § 1331 (civil action arising under the laws of the United States).

2. Defendants have failed to make a statutorily required final decision on the Petition of Pacific Legal Foundation to Delist Two Species of Plants and Down List One Fish under the Endangered Species Act (Petition), which Plaintiff filed with Defendants on May 14, 2010. A true and correct copy of the Petition is attached hereto as Exhibit 1, and hereby incorporated by reference. Plaintiff alleges that this failure to engage in conduct required by law constitutes agency action unlawfully withheld. An actual controversy exists therefore between the parties. Plaintiff seeks declaratory judgment, and further necessary or proper relief, based on declaratory judgment, including injunctive relief, under 28 U.S.C. §§ 2201(a), 2202.

3. On October 23, 2012, Plaintiff provided Defendants a 60-Day Notice of Intent to Bring Citizen Suit Pursuant to 16 U.S.C. § 1540(g), as required by the ESA. A true and correct copy of the notice (without attachments) is attached hereto as Exhibit 2 and hereby incorporated by reference.

## INTRODUCTION

4. By way of this complaint, Plaintiff seeks to ensure that federal officials comply with their duty to make a final decision on a petition to revise the protected status of endangered species.

5. The ESA allows citizens and groups to file a petition requesting that the defendants alter the status of a protected species. The statute gives the defendants up to 12 months to make a final decision on a petition which the Secretary has found "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A)-(B).

6. The plaintiff submitted the Petition requesting that the defendants remove two plants from the ESA list of endangered species, because they are recovered, and that it "down-list"

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

1 one fish species from endangered to threatened, because its condition has improved. Although the
2 defendants found that the Petition "may be warranted," they failed to make the required final
3 decision on the Petition within the statutorily required 12-month period. The defendants therefore
4 violated the ESA, and unlawfully withheld or unreasonably delayed required agency action in
5 violation of the Administrative Procedure Act (APA). *See* 5 U.S.C. § 706(1). .

**VENUE**

7. Venue in this district is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and because Plaintiff maintains a place of business in this district.

**PARTIES**

**Defendants**

8. Defendant Ken Salazar is sued in his official capacity as Secretary of the United States Department of the Interior. Secretary Salazar has responsibility for implementing and administering the ESA, including compliance with statutory deadlines in the ESA. The Secretary is responsible for determining whether to list species as endangered or threatened under the ESA, and whether to designate critical habitat for such species. 16 U.S.C. § 1533(a)(1), (3). The Secretary is also required to ensure timely responses to petitions seeking reclassification of species filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

9. Defendant Daniel M. Ashe is sued in his official capacity as Director of the United States Fish and Wildlife Service. The Director is responsible for performing various functions under the ESA, including responding to petitions seeking reclassification of species filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

10. Defendant United States Department of the Interior is an agency of the United States that administers and implements the ESA, including provisions concerning responses to petitions filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

11. Defendant United States Fish and Wildlife Service is an agency within the Interior Department which has the delegated responsibilities of administering and implementing the ESA, including responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A)-(B).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**Plaintiff**

12.  Plaintiff Pacific Legal Foundation (PLF) is a nonprofit, tax-exempt corporation organized under the laws of California for the purpose of litigating matters affecting the public interest. PLF is headquartered in Sacramento, California. Representing the views of tens of thousands of members and supporters nationwide, PLF is an advocate of balanced and effective environmental regulation. In 2005, PLF entered into a settlement agreement with the United States Fish and Wildlife Service on behalf of the California State Grange, the California Forestry Association, and the California Cattlemen's Association, whereby the Service agreed to undertake belated 5-year status reviews of nearly 100 listed species in the State of California. In 2008, the agency completed reviews for 58 listed species and recommended status changes for the species referenced here.

13.  PLF filed the Petition on May 14, 2010. This is the Petition to which Defendants have failed to respond within the statutory deadlines of the ESA.

## GENERAL ALLEGATIONS

14.  Congress enacted the ESA "to provide a program for the conservation of . . . endangered species and threatened species." 16 U.S.C. § 1531(b). The ESA defines a "species" to include "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

15.  As part of the program, Defendants have the statutory authority to list a species as either endangered or threatened upon consideration and review of certain factors:

(A) the present or threatened destruction, modification, or curtailment of its habitat or range;

(B) overutilization for commercial, recreational, scientific, or educational purposes;

(C) disease or predation;

(D) the inadequacy of existing regulatory mechanisms; or

(E) other natural or manmade factors affecting its continued existence.

16 U.S.C. § 1533(a)(1)(A)-(E).

///

1   16.   Defendants must also, "to the maximum extent prudent and determinable,"
2 designate "critical habitat" for species that are listed as endangered or threatened.  16 U.S.C.
3 § 1533(a)(3)(A).
4   17.   Defendants listing determinations are required to be made

> solely on the basis of the best scientific and commercial data available . . . after conducting a review of the status of the species and after taking into account those efforts, if any, being made by any State or foreign nation, or any political subdivision of a State or foreign nation, to protect such species.

8 16 U.S.C. § 1533(b)(1)(A).
9   18.   Under the ESA, Defendants are responsible to review all listed species every five
10 years (five year review) and determine, on the basis of such review, whether any reviewed species
11 should be removed from the list, or changed in status either from endangered to threatened (down-
12 listed) or from threatened to endangered.  16 U.S.C. § 1533(c)(2).
13   19.   Under the ESA, an interested party may submit a petition requesting that the
14 defendants reclassify species.  16 U.S.C. § 1533(b)(3)(A).
15   20.   Upon receiving a petition to reclassify species, Defendants are required "[t]o the
16 maximum extent practicable, within 90 days after receiving the petition of an interested person,"
17 to "make a finding as to whether the petition presents substantial scientific or commercial
18 information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533(b)(3)(A).
19 If such information is presented in the petition, Defendants "shall promptly commence a review
20 of the status of the species concerned.  The Secretary shall promptly publish each finding made
21 under [16 U.S.C. § 1533(b)(3)(A)] in the Federal Register."  *Id.*
22   21.   When the Secretary finds that a petition "may be warranted," the Secretary is
23 required to make a final decision on the action within 12 months of the filing of the petition, and
24 promptly issue the finding in the Federal Register.  16 U.S.C. § 1533(b)(3)(B).
25 ///
26 ///
27 ///
28 ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

Complaint for Declaratory Judgment
and Injunctive Relief            - 4 -

**FACTUAL ALLEGATIONS RELATING TO
PLAINTIFF'S PETITION TO DELIST THE EUREKA
VALLEY DUNEGRASS AND EUREKA VALLEY EVENING
PRIMROSE, AND TO DOWN-LIST THE TIDEWATER GOBY**

22. The Eureka Valley dunegrass, Eureka Valley evening primrose, and Tidewater goby are protected as endangered species under the ESA.

23. On March 5, 2008, Defendant Fish and Wildlife Service issued a notice in the Federal Register entitled *Endangered and Threatened Wildlife and Plants; Initiation of 5-Year Reviews of 58 Species in California and Nevada; Availability of Completed 5-Year Reviews in California, Nevada and Southern Oregon.* 73 Fed. Reg. 11,945. Based on the best available scientific information, 5-year status reviews recommended down-listing the Tidewater goby (*Eucyclogobius*) (a fish), from endangered to threatened, and delisting the Eureka Valley dunegrass (*Swallenia*) (a plant) and the Eureka Valley evening primrose (*Oenothera avita*) (a plant).

24. Despite making these recommendations more than five years ago, the Service has still not reclassified these species.

25. On May 14, 2010, Plaintiff petitioned the Secretary to delist the Eureka Valley dunegrass and Eureka Valley evening primrose, and to down-list the Tidewater goby, pursuant to Defendants' regulatory authority under the ESA, and the March 5, 2008, status review recommendations.

26. Plaintiff's Petition demonstrates that the Eureka Valley dunegrass and Eureka Valley evening primrose should be delisted, and the Tidewater goby should be down-listed, based upon recommendations of the Fish and Wildlife Service in its five-year status reviews of these species. Therefore, the Petition requests that the defendants delist the Eureka Valley dunegrass and Eureka Valley evening primrose, and down-list the Tidewater goby under the ESA.

27. On January 19, 2011, the Service issued a 90-day finding that the petitioned actions "may be warranted." 76 Fed. Reg. 3069. Under 16 U.S.C. § 1533(b)(3)(B), the deadline by which the Secretary was to have made a final decision on the Petition was May 14, 2011.

28. Rather than make a final decision on Plaintiff's Petition within 12 months of its filing, 16 U.S.C. § 1533(b)(3)(B), Defendants did not make the required finding.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

29. Since the Defendants' January 11, 2011, initial finding that Plaintiff's Petition "may be warranted," Plaintiff has received no indication that Defendants have made any final decision on the Petition. 16 U.S.C. § 1533(b)(3)(B).

30. Defendants have thus failed to comply with the statutorily mandated deadline for making a final decision on the Petition. *See* 16 U.S.C. § 1533(b)(3)(B).

### ALLEGATIONS SUPPORTING DECLARATORY RELIEF

31. Plaintiff hereby re-alleges each and every allegation contained in Paragraphs 1 through 30 as though fully set forth herein.

32. An actual and substantial controversy exists between Plaintiff and Defendants over Defendants' duty to make a final decision on Plaintiff's Petition within 12 months of its filing. 16 U.S.C. § 1533(b)(3)(B).

33. This case is currently justiciable because Defendants have failed to timely comply with their nondiscretionary duty to make a final decision on Plaintiff's Petition. 16 U.S.C. § 1533(b)(3)(B).

34. Declaratory relief that will clarify the rights and obligations of the parties is, therefore, appropriate to resolve this controversy.

### ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF

35. Plaintiff hereby re-alleges each and every allegation contained in Paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff has been injured by the defendants' failure to comply with the ESA and issue the required final decision on Plaintiff's Petition. If an injunction does not issue enjoining Defendants from continuing to evade their duty to make a decision on the Petition, Plaintiff will be irreparably harmed.

37. Plaintiff has no plain, speedy, and adequate remedy at law for such an injury.

38. This action is ripe.

39. If not enjoined by this Court, Defendants will continue to violate the law requiring a final decision on the Petition with 12 months of its filing.

///

**FIRST CAUSE OF ACTION**

**(Violation of the Endangered Species Act, 16 U.S.C. § 1533(b),
Failure To Make a Timely Finding on a Petition To Reclassify a Species)**

40. Plaintiff hereby re-alleges each and every allegation contained in Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants have a mandatory and nondiscretionary duty under the ESA to make a final decision on a petition to reclassify species within 12 months of receipt of the petition, where the Secretary has found that the petition "may be warranted." 16 U.S.C. § 1533(b)(3)(A)-(B).

42. Defendants received Plaintiff's Petition on May 14, 2010, and found that it "may be warranted" on January 11, 2011, but Defendants have failed to make a final decision on Plaintiff's Petition within 12 months of receiving it, in the manner required by the ESA, 16 U.S.C. § 1533(b)(3)(B).

43. Defendants' failure to make a final decision on Plaintiff's' Petition in the manner required by 16 U.S.C. § 1533(b)(3)(B) violates the ESA and is unlawful.

**SECOND CAUSE OF ACTION**

**(Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1),
Unlawfully Withholding or Unreasonably Delaying Agency Action)**

44. Plaintiff hereby re-alleges each and every allegation contained in Paragraphs 1 through 43 as though fully set forth herein.

45. Defendants have a mandatory and nondiscretionary duty under the ESA to make a final decision on a petition to reclassify species within 12 months, where the Secretary has made an initial finding that "the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A)-(B).

46. Defendants received Plaintiff's Petition on May 14, 2010, and found that it "may be warranted" on January 11, 2011, but Defendants have failed to make a final decision on Plaintiff's Petition within 12 months of receiving it, in the manner required by the ESA, 16 U.S.C. § 1533(b)(3)(B).

47. Defendants' failure to make a finding on Plaintiff's Petition constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment from this Court as follows:

1. A declaratory judgment that Defendants' failure to comply with their nondiscretionary duty to make a final decision on Plaintiff's Petition to delist the Eureka Valley dunegrass and Eureka Valley evening primrose, and to down-list the Tidewater goby, violates the ESA and must be compelled;

2. A declaratory judgment that Defendants' failure to comply with their duty to make a final decision on Plaintiff's Petition constitutes agency action unlawfully withheld or unreasonably delayed in violation of the APA and must be compelled;

3. A mandatory injunction requiring Defendants to make a final decision by a date certain on Plaintiff's Petition;

4. An award to Plaintiff of reasonable attorneys' fees and expert fees in bringing and maintaining this action pursuant to 16 U.S.C. § 1540(g)(4);

5. An award to Plaintiff of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

6. An award to Plaintiff of any other and further relief that the Court deems just and proper under the circumstances of this case.

DATED: March 27, 2013.

Respectfully submitted,

M. REED HOPPER
ANTHONY L. FRANÇOIS


By      /s/ Anthony L. François
        ANTHONY L. FRANÇOIS

Attorneys for Plaintiff

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

Complaint for Declaratory Judgment
and Injuctive Relief                - 8 -