M. REED HOPPER, Cal. Bar No. 131291
E-mail: mrh@pacificlegal.org
ANTHONY L. FRANÇOIS, Cal. Bar No. 184100 (Counsel for Service)
E-mail: alf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Attorneys for Plaintiff

ROBERT G. DREHER
Acting Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN GUSTAFSON, Assistant Chief
TRAVIS J. ANNATOYN, NY Bar No. 4983730
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5243
Facsimile: (202) 305-0275
E-mail: travis.annatoyn@usdoj.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC LEGAL FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>S.M.R. JEWELL, in her official capacity as Secretary of the United States Department of the Interior; DANIEL M. ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants. | No. 2:13-cv-00594-LKK-AC<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER** |

1   This Stipulated Settlement Agreement is made between Plaintiff Pacific Legal Foundation
2   and Defendants S.M.R. Jewell, Secretary of the Interior; Daniel Ashe, Director of the U.S. Fish
3   and Wildlife Service; the United States Department of the Interior; and the United States Fish and
4   Wildlife Service (Service).

5   WHEREAS, on or about May 14, 2010, Plaintiff submitted to the United States Department
6   of the Interior and the Service a petition to reclassify the following three species under the
7   Endangered Species Act (ESA): Eureka Valley dunegrass, Eureka Valley evening primrose, and
8   tidewater goby (Petition);

9   WHEREAS, on January 19, 2011, the Service issued a finding under 16 U.S.C.
10  § 1533(b)(3)(A) in response to the Petition, which found the Petition presented substantial
11  scientific or commercial information indicating that the petitioned actions may be warranted, and
12  published the finding in the Federal Register at 76 Fed. Reg. 3069;

13  WHEREAS, under 16 U.S.C. § 1533(b)(3)(B), within 12 months of receiving any petition
14  that is found to present substantial information indicating that the petitioned action may be
15  warranted, the Service is required to make a determination whether the petitioned action is
16  warranted, not warranted, or warranted but precluded by other listing activity (12-month finding);

17  WHEREAS, the Service has not yet issued 12-month findings under 16 U.S.C.
18  § 1533(b)(3)(B) in response to the Petition;

19  WHEREAS, on October 23, 2012, Plaintiff provided Defendants with written notice of
20  intent to sue under the ESA;

21  WHEREAS, on March 27, 2013, Plaintiff filed this action challenging Defendants' failure
22  to issue 12-month findings in response to the Petition;

23  WHEREAS, Plaintiff seeks an order declaring that Defendants violated the ESA and the
24  Administrative Procedure Act (APA) by failing to issue 12-month findings according to the time
25  frame established by the ESA, and asks the Court to order Defendants to issue 12-month findings
26  on the Petition by a date certain. Plaintiff also seeks costs of litigation, including attorneys' fees;

27  WHEREAS, the parties, through their authorized representatives, and without any
28  admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1 reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the
2 disputes set forth in Plaintiff's complaint, and the parties agree that settlement of this action in this
3 manner is in the public interest;

4     ACCORDINGLY, THE PARTIES AGREE AND STIPULATE AND IT IS HEREBY
5 ORDERED AS FOLLOWS:

6     1.    No later than December 31, 2013, the Service shall deliver to the Office of the
7 Federal Register for publication a 12-month finding for the tidewater goby.

8     2.    Not later than January 31, 2014, the Service shall deliver to the Office of the Federal
9 Register for publication 12-month findings for the Eureka Valley dunegrass and the Eureka Valley
10 evening primrose.

11     3.    Either party may seek to modify the deadlines specified in Paragraphs 1-2 for good
12 cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or in the event
13 that either party believes that the other party has failed to comply with any term or condition of this
14 Settlement Agreement, the parties shall use the dispute resolution procedures, specified in
15 Paragraph 4 below.  This Settlement Agreement may be modified or amended only by order of this
16 Court.

17     4.    In the event that either party seeks to modify the terms of this Settlement
18 Agreement, including the deadlines for the actions specified in Paragraphs 1-2, or in the event that
19 either party believes that the other party has failed to comply with any term or condition of this
20 Settlement Agreement, the party seeking the modification, raising the dispute, or seeking
21 enforcement, shall provide the other party with written notice of the claim.  The parties agree that
22 they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort
23 to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the
24 claim within a reasonable time, either party may seek relief from the Court.  In the event that
25 Defendants fail to meet the deadlines specified in Paragraphs 1-2 above, and Defendants have not
26 sought to modify the deadlines, or if Plaintiff seeks other relief from the Court, Plaintiff's first
27 remedy shall be a motion to enforce the terms of this Settlement Agreement.  This Settlement
28 ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of
2  court.

3      5.    No party shall use this Settlement Agreement or the terms herein as evidence of
4  what does or does not constitute a reasonable time line for making a 12-month finding in any other
5  proceeding regarding Defendants' implementation of the ESA.

6      6.    Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in
7  this matter for a total of $7,054.62. Payment will be made payable in that amount to Pacific Legal
8  Foundation. Defendants agree to submit all necessary paperwork for the processing of the
9  attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16
10 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the Court order approving this
11 Settlement Agreement. Plaintiff agrees to accept such payment in full satisfaction of any and all
12 claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned
13 litigation, through and including the date of this Settlement Agreement.

14     7.    Plaintiff reserves the right to seek additional fees and costs incurred subsequent to
15 this Settlement Agreement arising from the need to enforce or defend against efforts to modify the
16 underlying schedule outlined in Paragraphs 1-2, or for any other unforeseen continuation of this
17 action. Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's
18 counsel, including the hourly rate, in any future litigation, or continuation of the present action.
19 Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be
20 used as evidence in any other attorneys' fees litigation.

21     8.    Plaintiff's complaint shall be dismissed with prejudice upon approval of this
22 Settlement Agreement by the Court. The parties respectfully request that the Court retain
23 jurisdiction to oversee compliance with the terms of this Settlement Agreement and to resolve any
24 motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375
25 (1994).

26 ///
27 ///
28 ///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

9. This Settlement Agreement contains all of the agreements between the Parties, and is intended to be the final and sole agreement between the Parties. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Settlement Agreement, whether oral or written, are of no further legal or equitable force or effect.

10. Nothing in this Settlement Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Settlement Agreement. Defendants do not waive any defenses they may have concerning the claims settled under this Settlement Agreement or any similar claims brought in the future by any other party. This Settlement Agreement is executed solely for the purpose of compromising and settling Plaintiff's Complaint, and nothing herein shall be construed as precedent in any other context.

11. No provision of this Settlement Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein other than as set forth in Paragraphs 1-2, or as to the substance of any final determination. To challenge any final rule issued in accordance with this Settlement Agreement, Plaintiff will be required to file a separate action and otherwise comply with applicable legal requirements.

12. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

///
///
///
///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

13. Each of the parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Settlement Agreement, and do hereby agree to the terms herein.

DATED:  August 2, 2013.

Respectfully submitted,

M. REED HOPPER
ANTHONY L. FRANÇOIS


By  /s/ Anthony L. François
        ANTHONY L. FRANÇOIS

Attorneys for Plaintiff


ROBERT G. DREHER,
Acting Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN GUSTAFSON, Assistant Chief

By /s/ Travis J. Annatoyn
TRAVIS J. ANNATOYN, NY Bar No. 4983730
Trial Attorney
U. S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C.  20044-7611
Telephone:  (202) 514-5243
Facsimile:  (202) 305-0275
E-mail:  travis.annatoyn@usdoj.gov

Attorneys for Federal Defendants


IT IS SO ORDERED:

Dated: August 5, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT